**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

In Re: J.S., V.S., & E.D.

No. 14-1130 (Mercer County 11-JA-112, 11-JA-113, 14-JA-001)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother H.G., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's September 29, 2014, order terminating her parental rights to J.S., V.S., and E.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher Dodrill, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Ryan J. Flanigan, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, the DHHR filed an abuse and neglect petition against petitioner alleging substance abuse and inadequate housing. At the time, petitioner had only two children, J.S. and V.S. In February of 2012, petitioner stipulated to the allegations in the petition at adjudication, and the circuit court granted petitioner a post-adjudicatory improvement period to address her substance abuse and mental health issues. During this time, the children were placed with their paternal grandmother, S.M., who intervened in the proceedings below. In December of 2012, petitioner gave birth to E.D.; however, the DHHR did not amend the petition to reflect this child's birth or attempt to obtain emergency custody at this time. Eventually, in October of 2013, petitioner regained custody of her two oldest children, J.S. and V.S., then both three years old. However, S.M. retained visitation rights under a shared parenting order. Thereafter, the abuse and neglect proceedings concerning J.S. and V.S. remained open due to ongoing issues with the children's father.

After the circuit court returned J.S. and V.S. to petitioner's care, instances of abuse and neglect resumed in December of 2013. Late that month, police were called to petitioner's residence to enforce S.M.'s visitation rights. Upon arrival, an officer observed that V.S. smelled of "stale urine" and exhibited patches of missing hair. It was later discovered that the child also exhibited bruising to his thighs and penis. A later medical examination concluded that the injuries were not accidental, and J.S. told a DHHR employee that petitioner picks V.S. up by the hair. As such, the DHHR filed an abuse and neglect petition in January of 2014 seeking

1

emergency custody of J.S., V.S., and E.D. based upon allegations of physical abuse to V.S. In May of 2014, the circuit court held an adjudicatory hearing, during which it found petitioner to be an abusing parent because of physical abuse to V.S. The circuit court specifically found that petitioner's explanations for the child's injuries was not credible and that the evidence indicated that the injuries were the result of abuse and not self-injury. In September of 2014, the circuit court held a dispositional hearing, during which it considered petitioner's motion for a post-adjudicatory improvement period. Ultimately, the circuit court denied that motion and terminated petitioner's parental rights to the children. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Specifically, denying petitioner's motion does not constitute error because petitioner failed to acknowledge the conditions of abuse and neglect in the home, thus preventing her from obtaining an improvement period. West Virginia Code § 49-6-12(b) provides circuit courts discretion in granting post-adjudicatory improvement periods upon a showing that the parent will fully participate in the same. Further, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While it is true that petitioner testified that she felt responsible for her child being injured while in her care because she "should have been watching

[her] son closer," the Court finds that this does not constitute an acknowledgment of the physical abuse inflicted upon V.S.

The evidence below established that V.S. was missing multiple patches of hair and that the hair loss was the result of more than one incident. Medical evidence further established that the hair was pulled out, as evidenced by hair growing back in the bald areas. Further, the evidence established that V.S. suffered bruising to his inner thighs and penis, and that the injuries were not caused by another child in the home. Contrary to this evidence, petitioner denied abusing the child throughout the proceedings, and instead claimed that V.S.'s injuries were caused by fighting with J.S., alopecia, a vitamin deficiency, or self-injury. As noted above, the circuit court found petitioner's explanations for these injuries lacked credibility in light of the overwhelming contradictory evidence. We find no error in this determination, as the circuit court was free to make a credibility determination in weighing that evidence. *See Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, it is clear that petitioner refused to acknowledge the conditions of abuse and neglect in the home.

Moreover, it is clear that petitioner could not satisfy her burden of establishing she would fully comply with an improvement period. While petitioner argues that her past successes in an improvement period evidenced her willingness to comply in a new improvement period, petitioner ignores the fact that the conditions the prior improvement period was designed to remedy persisted throughout this proceeding. Specifically, petitioner's prior improvement period attempted to remedy petitioner's substance abuse issues. Despite services to this end, petitioner testified at the September of 2014, dispositional hearing that she had used illegal drugs "within the past few months." As such, it is clear that petitioner failed to fully remedy the conditions of abuse and neglect necessitating the first petition's filing, as evidenced by those conditions persisting through September of 2014. Accordingly, petitioner failed to establish that she would fully comply with a new post-adjudicatory improvement period, and we find no error in the circuit court denying petitioner's motion.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 29, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3